IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISHA M. SEALS,<br><br>   Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, UNIVERSITY OF NEBRASKA OMAHA, TRACY BRIDGEFORD, PHD., JOANNE LI, PHD., MARGARETTE CHRISTENSEN, PHD,<br><br>   Defendants. | Case No.  8:22-cv-420 |

---

**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

*Respectfully submitted by*:

Tara A. Stingley (#23243)
Sydney M. Huss (#26581)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, #200
Omaha, NE 68144
(402) 397-1700
tstingley@clinewilliams.com
shuss@clinewilliams.com

*- and -*

Bren H. Chambers (#23150)
Deputy General Counsel
University of Nebraska
Varner Hall, Room 234
3835 Holdrege Street
Lincoln, NE 68583
(402) 472-1201
bchambers@nebraska.edu

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................... 3

II.    BACKGROUND .......................................................................................... 5

III.   APPLICABLE LEGAL STANDARD .............................................................. 7

IV.    ARGUMENT ............................................................................................... 8

   A.   This Court lacks jurisdiction over BRUN and the claims asserted against it because Plaintiff did not properly serve BRUN with service of process. ..................... 8

   B.   UNO lacks the capacity to be sued and thus is not a proper Defendant under Fed. R. Civ. P. 17(b) .............................................................................. 10

   C.   Plaintiff's Title VII claim (Count VII) asserted against the Individual Defendants in their official capacities is duplicative of her claim against BRUN. ...................... 11

   D.   Plaintiff's § 1983 claim (Count VI) asserted against the Individual Defendants in their official capacities fails as a matter of law .......................................... 12

   E.   Plaintiff's § 1983 claim (Count VI) asserted against Dr. Bridgeford and Chancellor Li in their individual capacities fails as a matter of law ......................... 14

     1.   Dr. Bridgeford and Chancellor Li are entitled to qualified immunity in their individual capacities ................................................................................ 14

       i.   Chancellor Li ....................................................................... 15

       ii.   Dr. Bridgeford ...................................................................... 15

     2.   Plaintiff improperly alleges mixed motives as the basis for her § 1981 claim. 16

   F.   Plaintiff's claims of intentional and negligent infliction of emotional distress (Counts VIII and IX) fail as a matter of law. ............................................... 18

     1.   Counts VIII and IX fail to plead compliance with the State Tort Claims Act .. 18

     2.   Plaintiff cannot assert tort claims against the Individual Defendants in their individual capacities ............................................................................... 19

     3.   Counts VIII and IX fail to state a claim of intentional and negligent infliction of emotional distress against any of the Defendants. ....................................... 20

   G.   Plaintiff's disability discrimination claims (Counts IV and V) fail to state a claim upon which relief can be granted ............................................................. 22

   H.   Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as against Chancellor Li and Dr. Bridgeford. ............................................ 26

V.     CONCLUSION ......................................................................................... 27

Defendants Board of Regents of the University of Nebraska ("BRUN"), University of Nebraska – Omaha ("UNO"), Dr. Tracy Bridgeford, ("Dr. Bridgeford"), individually and in her official capacity, Chancellor Joanne Li, Ph.D. ("Chancellor Li"), individually and in her official capacity, and Dr. Margarette Christensen ("Dr. Christensen"), individually and in her official capacity (collectively, the "Defendants"), hereby submit this Brief in support of their Partial Motion to Dismiss Plaintiff Denisha M. Seals' ("Plaintiff") First Amended Complaint. *[Doc. No. 12]*.

## I.   INTRODUCTION

Plaintiff initially brought this action in the District Court of Douglas County, Nebraska, asserting claims for alleged discrimination and hostile work environment. Defendants timely removed the case to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. *[See Doc. No. 1]*. By Order dated March 15, 2023, this Court denied Plaintiff's Motion to Remand. *[See Doc. No. 9]*.

Under the Court's Order dated December 9, 2022 *[Doc. No. 4]*, the Defendants' deadline to answer or otherwise respond to the Plaintiff's Complaint was April 14, 2023. On April 14, 2023, Plaintiff moved for leave to file an amended complaint, purportedly "to adjust the causes of action brought into question by a letter defendant sent Plaintiff on April 10, 2023." *[Doc. No. 10]*. On April 24, 2023, Plaintiff filed her First Amended Complaint (the "Amended Complaint"). *[Doc. No. 12]*.

Rather than focusing issues for the Court's consideration, however, the Amended Complaint added four new claims and asserts additional theories of recovery.

Through her Amended Complaint, Plaintiff purports to seek remedies under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title VI of the Civil Rights Act of 1964 ("Title VI"), Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, the Nebraska Fair Employment Practice Act ("NFEPA"), and state law tort claims of

3

intentional and negligent infliction of emotional distress. Because several causes of action in Plaintiff's Amended Complaint fail to state a claim upon which relief can be granted, the Defendants submit this Partial Motion to Dismiss.

**First**, the Court lacks jurisdiction over Plaintiff's claims asserted against BRUN because BRUN was not properly served with service of process. **Second**, UNO lacks capacity to be sued and is not a proper party to this lawsuit. **Third**, Plaintiff's Title VII claims (Count VII) asserted against Dr. Bridgeford, Chancellor Li, and Dr. Christensen (collectively referred to herein as, the "Individual Defendants") in their official capacities are redundant to Plaintiff's claim against BRUN. **Fourth**, Count VI of the Amended Complaint asserted against the Individual Defendants in their official capacities is barred by sovereign immunity, and as asserted against Dr. Bridgeford and Chancellor Li in their individual capacities is barred by qualified immunity and because Plaintiff has asserted mixed motives as the basis for her § 1981 claim. **Fifth**, Plaintiff's tort claims of intentional and negligent infliction of emotional distress (Counts VIII and IX) asserted against the Individual Defendants in their official capacities fail as a matter of law because Plaintiff has failed to allege compliance with the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209 *et seq.*, and Plaintiff cannot assert tort claims against the Individual Defendants in their official capacities. Additionally, Counts VIII and IX of the Amended Complaint fail to state a claim upon which relief can be granted as against any of the Individual Defendants. **Sixth**, Plaintiff's disability discrimination claims (Counts IV and V) fail to state a claim upon which relief can be granted because Plaintiff cannot assert an employment-based disability discrimination claim under Title II of the ADA. Additionally, even if the Court liberally construes the Amended Complaint as asserting a claim under *Title I* of the ADA, Plaintiff's disability discrimination claims still fail because they are barred by state sovereign immunity and the Amended

4

Complaint does not allege any adverse employment action because of Plaintiff's disability. **Finally**, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as asserted against Chancellor Li or Dr. Bridgeford under any of the theories advanced by Plaintiff.

Accordingly, for the reasons set forth herein, Defendants respectfully request that this Court dismiss BRUN as a party from this lawsuit along with all claims asserted against it, UNO as a party from this lawsuit along with all claims asserted against it, dismiss the official capacity claims asserted in Count VII against the Individual Defendants, dismiss Counts IV, V, VII, VIII, and IX in their entirety, dismiss Count VI against the Individual Defendants in their official capacities and against Dr. Bridgeford and Chancellor Li in their individual capacities, and dismiss Dr. Bridgeford and Chancellor Li as parties from this lawsuit along with all claims asserted against them.

## II.  BACKGROUND

1.     BRUN is a corporate body existing and operating by virtue of the Nebraska Constitution and related statutes. *[Doc. No. 12, ¶ 6]*.

2.     UNO is one of the four Administrative Units of the University of Nebraska and is controlled by BRUN. *See* NEB. REV. STAT. §§ 85-101 and 85-102.01.

3.     At the times relevant hereto, Dr. Bridgeford served as the Chair of UNO's English Department. *[Doc. No. 12, ¶ 8]*.

4.     At the times relevant hereto, Chancellor Li served as Chancellor of UNO. *[Doc. No. 12, ¶ 9]*.

5.     At the times relevant hereto, Dr. Christensen served as the supervisor of Plaintiff's Graduate Assistant program. *[Doc. No. 12, ¶ 10]*.

6.     Plaintiff was previously employed as a Graduate Assistant in UNO's English Department, beginning on or about August 10, 2020. *[Doc. No. 12, ¶¶ 5, 11]*.

7.      On August 25, 2020, approximately two weeks after commencing employment with UNO, Plaintiff resigned from her position as a Graduate Assistant. *[Doc. No. 12, ¶ 112]*.

8.      Plaintiff alleges that during her employment she was subjected to discrimination based on race and disability. *[Doc. No. 12, ¶¶ 124-134, 149-174]*.

9.      Plaintiff further alleges that during her employment she was subjected to a hostile educational and work environment due to her race. *[Doc. No. 12, ¶¶ 135-148, 175-181]*.

10.     Finally, Plaintiff alleges she was subjected to intentional and negligent infliction of emotional distress during her employment. *[Doc. No. 12, ¶¶ 182-191]*.

11.     Plaintiff's Amended Complaint alleges nine causes of action:

    a.  Count I alleges Plaintiff was subjected to race discrimination in violation of NFEPA. *[Doc. No. 12, ¶¶ 124-127]*. Count I is asserted against UNO and BRUN. *[Id.]*.

    b.  Count II alleges Plaintiff was subjected to race discrimination in violation of Title VII. *[Doc. No. 12, ¶¶ 128-134]*. Count II is asserted against UNO and BRUN. *[Id.]*.

    c.  Count III alleges Plaintiff was subjected to a hostile educational environment on account of her race in violation of Title VI. *[Doc. No. 12, ¶¶ 135-148]*. Count III is asserted against UNO and BRUN. *[Id.]*.

    d.  Count IV alleges Plaintiff was subjected to disability discrimination in violation of NFEPA. *[Doc. No. 12, ¶¶ 149-153]*. Count IV is asserted against UNO and BRUN. *[Id.]*.

e.  Count V alleges Plaintiff was subjected to disability discrimination in violation of Title II of the ADA. *[Doc. No. 12, ¶¶ 154-158]*. Count V is asserted against UNO and BRUN. *[Id.]*.

f.  Count VI alleges Plaintiff was deprived of her rights under 42 U.S.C. § 1981 by persons acting under color of state law on account of her race and disability, in violation of 42 U.S.C. § 1983. *[Doc. No. 12, ¶¶ 159-174]*. Count VI is asserted against the Individual Defendants in both their official and individual capacities. *[Id.]*.

g.  Count VII alleges Plaintiff was subjected to a hostile work environment on account of her race in violation of Title VII. *[Doc. No. 12, ¶¶ 175-181]*. Count VII is asserted against UNO, BRUN, and the Individual Defendants in their official capacities. *[Id.]*.

h.  Count VIII asserts a tort claim for intentional infliction of emotional distress. *[Doc. No. 12, ¶¶ 182-188]*. Count VIII is asserted against UNO, BRUN, and the Individual Defendants in their individual and official capacities. *[Id.]*.

i.  Finally, Count IX[1] asserts a tort claim for negligent infliction of emotional distress. *[Doc. No. 12, ¶¶ 189-191]*. Count IX is asserted against UNO, BRUN, and the Individual Defendants in their individual and official capacities. *[Id.]*.

### III.  APPLICABLE LEGAL STANDARD

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Holmes v. Nebraska*, 8:21CV158,

---

[1] The Amended Complaint lists two Count VIII's. *[See Doc. No. 12, ¶¶ 182-191]*. For purposes of this Brief, Defendants refer to Plaintiffs tort claim for negligent infliction of emotional distress as Count IX.

2021 WL 4710343, at *5 (D. Neb. Oct. 8, 2021) (internal quotations omitted). "On a motion to dismiss brought under . . . 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process." *Id.* (internal quotations omitted). "[W]here a defendant is improperly served, the district court lacks jurisdiction over the defendant whether or not it had actual notice of the lawsuit." *Id.* (citing *Adams v. Allied Signa General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)).

"[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.* "While [a] court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (internal quotations and citations omitted).

## IV. ARGUMENT

**A.    This Court lacks jurisdiction over BRUN and the claims asserted against it because Plaintiff did not properly serve BRUN with service of process.**

"The plaintiff is responsible for having the summons and complaint served within the time allowed by [FED. R. CIV. P.] 4(m)[.]" FED. R. CIV. P. 4(c). "If a defendant is not

served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "When counsel has ample notice of a defect in service, does not attempt an obvious correction, and chooses to defend the validity of service attempted, there is no good cause for the resulting delay if the method of service fails." *Adams*, 74 F.3d at 887.

As a state agency, service of process on BRUN must be made in compliance with FED. R. CIV. P. 4(j)(2) and NEB. REV. STAT. § 25-510.02(1). *See Lundberg v. Univ. of Neb.*, 4:cv95-3448, 1996 WL 883606, at *4 (D. Neb. Nov. 25, 1996) ("Under the substantive law of Nebraska, the University of Nebraska and its Board of Regents are agencies of the state). Rule 4(j)(2) mandates that service of process on a state "or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2). Section 25-510.02 mandates that a state agency must "be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery services addressed to the office of the Attorney General." NEB. REV. STAT. § 25-510.02(1).

Plaintiff filed her original Complaint against the Defendants on November 7, 2022. *[See Doc. No. 1-1, pp.17-71]*. Plaintiff has admitted through other filings in this lawsuit that Plaintiff did not comply with FED. R. CIV. P. 4(j)(2) or NEB. REV. STAT. § 25-510.02(1) in serving BRUN. Specifically, in Plaintiff's Brief in Support of Motion to

Remand, Plaintiff admits that she improperly sent service of process to BRUN via certified mail addressed to:

> University of Nebraska System
> Attn: Board of Regents
> 3835 Holdrege Street
> Lincoln, NE 68583-0745

*[See Doc. No. 7-1, p. 8, Ex. 2].*

Plaintiff concedes that counsel for Defendants notified Plaintiff's counsel of the deficient service over six months ago on December 7, 2022. *[See Doc. No. 7-1, p. 8].* Despite having ample notice of the defect in service, Plaintiff still has made no attempt to correct the deficiency in the 182 days that have elapsed since the filing of her initial Complaint. Plaintiff's refusal to attempt an obvious correction of service precludes any finding of "good cause" to excuse this defect. *See Adams*, 74 F.3d at 887. Accordingly, BRUN should be dismissed as a party from this lawsuit along with all claims asserted against it due to insufficient service of process.

**B.    UNO lacks the capacity to be sued and thus is not a proper Defendant under Fed. R. Civ. P. 17(b).**

UNO is not a proper defendant in this action. Federal Rule of Civil Procedure 17(b) defines a party's capacity to sue or be sued in federal court. *See Lundquist v. Univ. of S.D. Sanford School of Med.*, 705 F.3d 378, 379 (8th Cir. 2013). As this Court has noted, "the capacity of an unincorporated unit of government is determined, in most cases, 'by the law of the state where it is located.'" *Doe v. Univ. of Neb.*, No. 4:18CV3142, 2021 WL 424632, at *3 (D. Neb. Feb. 8, 2021) (citing Fed. R. Civ. P. 17(b)(3)).

The institution known as the University of Nebraska was established in 1869 and is now composed of four Administrative Units, including UNO. *See* Neb. Rev. Stat. §§ 85-101 and 85-102.01. The Nebraska Constitution provides that "[t]he general government of the University of Nebraska shall, under the direction of the Legislature,

10

be vested in a board of not less than six nor more than eight regents to be designated the Board of Regents of the University of Nebraska[.]" Neb. Const. art. VII, § 10; *see also* NEB. REV. STAT. § 85-103. BRUN is "a body corporate" and has the power to sue and be sued under Nebraska law. *See* NEB. REV. STAT. § 85-105.

In contrast, UNO is not incorporated and does not have statutory authority to sue or be sued in its own name. Therefore, UNO is not a proper defendant in this action under this Court's precedent and FED. R. CIV. P. 17(b)(3). *Doe*, 2021 WL 424632 at *3 (holding University of Nebraska-Lincoln was not a proper defendant and treating the plaintiff's complaint as brought against BRUN); *see also Lundquist*, 705 F.3d at 38 (affirming district court's dismissal of claims under FED. R. CIV. P. 17(b) holding a state university lacked capacity to be sued where state law mandated that the capacity to be sued resided with the Board of Regents, the unit of government that controlled the state university).

Accordingly, UNO should be dismissed as a party from this lawsuit along with all claims asserted against it.

**C.    Plaintiff's Title VII claim (Count VII) asserted against the Individual Defendants in their official capacities is duplicative of her claim against BRUN.**

Count VII of Plaintiff's Amended Complaint is asserted against the Individual Defendants in their "official" capacities. Plaintiff's official capacity claims are actually claims against BRUN itself, which is also named as a Defendant under Count VII**.** "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Jackson-Mackay v. Contant*, No. 8:22CV10, 2022 WL 4448684, at *3 (D. Neb. Sept. 23, 2022) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). This Court has consistently held that, where duplicative claims against an entity and persons in their official capacity are asserted, dismissal of the official capacity claims is proper. *Villarreal*

11

*v. Schmaderer*, No. 8:20CV403, 2021 WL 2444279, at *3 (D. Neb. June 15, 2021) (dismissing official capacity claims against police officers where the municipality was also named as a defendant); *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (dismissing as redundant official capacity claims against county official where the county was also named as a defendant); *see also Veatch v. Bartels Lutheran Home*, 627 F. 3d 1254, 1257 (8th Cir. 2010) (determining it proper to dismiss claims against a city police officer sued in official capacity as redundant of claims against the city).

According, Count VII of Plaintiff's Amended Complaint asserted against the Individual Defendants in their official capacities should be dismissed with prejudice as redundant of Plaintiff's claim against BRUN.

**D.    Plaintiff's § 1983 claim (Count VI) asserted against the Individual Defendants in their official capacities fails as a matter of law.**

Count VI of Plaintiff's Amended Complaint asserts an equal protection claim premised on 42 U.S.C. §§ 1981 and 1983. "Although § 1981 permits a cause of action against private actors, where, as is here, a plaintiff brings a claim pursuant to § 1981 against an individual who was acting under color of law, the claim must be asserted through § 1983." *Jones v. McNeese*, 746 F.3d 887, 896 (8th Cir. 2014) (citing *Artis v. Francis Howell N. Band Booster Ass'n Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998)). As set forth below, however, Count VI fails to state a claim upon which relief can be granted against the Individual Defendants in their official capacities and should be dismissed.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[A] state is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002). As such, individually-named defendants "cannot be sued for money damages under § 1983 because claims against state officials in their official capacities are really suits against the state and a

state is not a person for purposes of a claim for money damages under § 1983." *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016); *see also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court.").

The relief sought through Plaintiff's § 1983 claim is for monetary damages only. *[See Doc. No. 12, p. 24]*. Specifically, Count VI seeks the following:

    a. "compensation for violation of constitutional and civil rights,"

    b. "compensatory damages for pain, suffering, mental anguish, and humiliation[,]" and

    c. "Plaintiff's costs in this action, including reasonable attorney fees, interest, and costs[.]"

[*Id.*]. However, the Individual Defendants cannot be sued for monetary damages in their official capacities because they are not "persons" for purposes of Plaintiff's § 1983 claim. *See Kruger*, 820 F.3d at 301.

Accordingly, Count VI as asserted against the Individual Defendants in their official capacities should be dismissed for failure to state a claim upon which relief can be granted.

**E.    Plaintiff's § 1983 claim (Count VI) asserted against Dr. Bridgeford and Chancellor Li in their individual capacities fails as a matter of law.[2]**

    **1.    Dr. Bridgeford and Chancellor Li are entitled to qualified immunity in their individual capacities.**

While Dr. Bridgeford and Chancellor Li qualify as "person[s]" under § 1983 when sued in their individual capacities, Plaintiff's individual capacity claims against Dr. Bridgeford and Chancellor Li are nevertheless barred by qualified immunity. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980).

The doctrine of qualified immunity "is in part an entitlement not to be forced to litigate the consequences of official conduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-46 (2009); *see also Mitchell v. Forsyth*, 472 U.S. 511, 427 (1985). "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumoff v. Rickard*, 572 U.S. 765, 778 (2014). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id.* at 778-79. "In other words, 'existing precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'" *Id.* at 779 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Plaintiff's Amended Complaint fails to allege a violation of a clearly established constitutional right in the specific context of this case as to any of the Individual Defendants.

---

[2] Defendants' Partial Motion to Dismiss does not address the basis for Plaintiff's § 1983 claim against Dr. Christensen in her individual capacity.

### i. Chancellor Li

The sole factual allegation regarding Chancellor Li is found in Paragraph 116 of the Amended Complaint. Specifically, Plaintiff alleges that after sending a letter to BRUN, Chancellor Li, and other UNO professors following Plaintiff's resignation from her position as a Graduate Assistant in UNO's English Department, "Chancellor Li apologized via email for [Plaintiff's] experiences, saying that she was sorry that these things happened to her." *[Doc. No. 12, ¶ 116].* Then, in Count VI of the Amended Complaint, Plaintiff includes a bare-bones allegation that, Chancellor Li, along with the other Individual Defendants, "acted under color of state authority as school officials in intentionally discriminating against the Plaintiff on the basis of her race and disability." *[Doc. No. 12, ¶ 165].*

Despite spanning nearly 200 paragraphs, Plaintiff's Amended Complaint does not contain a single factual allegation asserting that Chancellor Li engaged in ***any*** discriminatory conduct toward Plaintiff. Plaintiff neither alleges that Chancellor's Li's apology violated a clearly established right nor that Chancellor Li should have understood that the alleged apology violated any such right. Indeed, there is no allegation that Chancellor Li engaged in *any conduct* whatsoever concerning Plaintiff *prior to* Plaintiff's resignation from employment.

Plaintiff's failure to allege facts establishing Chancellor Li's personal involvement and demonstrating that Chancellor Li is not entitled to qualified immunity is fatal to her §1983 claim. Accordingly, Count VI as asserted against Chancellor Li in her individual capacity should be dismissed.

### ii. Dr. Bridgeford

Similar to the isolated allegation regarding Chancellor Li, the Amended Complaint contains a total of ***two*** factual allegations regarding Dr. Bridgeford. Specifically, Plaintiff

alleges that around the time she resigned from the Graduate Assistant position, she had a conversation with Dr. Bridgeford, during which Dr. Bridgeford allegedly indicated "she would not be able to help her because the more 'traditional' students would view this as Ms. Seals brown-nosing.'" *[Doc. No. 12, ¶ 101]*. Plaintiff further alleges that during this same conversation, "Dr. Bridgeford told [Plaintiff] that she was not going to be able to be an ally for her." *[Doc. No. 12, ¶ 102]*. Such allegations fail to allege a violation of a clearly established constitutional right as to Dr. Bridgeford.

Notably, the Amended Complaint does not allege that the purported conversation with Dr. Bridgeford included discussion regarding any of the alleged discriminatory actions taken towards Plaintiff.   Nor does the Amended Complaint assert that Dr. Bridgeford was otherwise made aware of any such conduct. Additionally, Plaintiff does not – and cannot – allege that the purported conversation with Dr. Bridgeford violated a clearly established right of Plaintiff or that Dr. Bridgeford should have understood that such a conversation violated any such right. In short, Plaintiff has failed to allege facts establishing that Dr. Bridgeford is not entitled to qualified immunity with respect to Plaintiff's §1983 claim. Accordingly, Count VI as asserted against Dr. Bridgeford in her individual capacity should be dismissed.

**2.  Plaintiff improperly alleges mixed motives as the basis for her § 1981 claim.**

"Under 42 U.S.C. § 1981, all persons within the jurisdiction of the United States shall have 'the same right ... to make and enforce contracts ... as is enjoyed by white citizens.'" *Combs v. The Cordish Companies, Inc.,* 862 F.3d 671, 680 (8th Cir. 2017) (*quoting* 42 U.S.C. § 1981(a)). Since § 1981 "does not provide a general cause of action for race discrimination, . . . [a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Gregory v. Dillard's, Inc.,* 565 F.3d 464, 468–69 (8th Cir. 2009) (*en banc*) (internal quotations and

citations omitted). In general, to succeed on her § 1981 claim, Plaintiff must show each of the following: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Combs*, 862 F.3d at 681 (internal quotations omitted).

In 2020, the United States Supreme Court agreed to hear the case of *Comcast Corp. v. Nat'l Ass'n of African Am. – Owned Media*, in order "[t]o resolve the disagreement among the circuits over § 1981's causation requirement." 140 S. Ct. 1009, 1014 (2020). In its opinion, the United States Supreme Court clarified that, "[t]o prevail [on a § 1981 claim], a plaintiff ***must initially plead*** and ultimately prove that, ***but for race***, [she] would not have suffered the loss of a legally protected right." *Comcast Corp.*, 140 S. Ct. at 1019 (emphasis added); *see also Jones*, 746 F.3d at 896 (noting that § 1981 claims are limited to race). In support of its decision, the Supreme Court explained:

> While [§ 1981's] text does not expressly discuss causation, it is suggestive. The guarantee that each person is entitled to the 'same right . . . as is enjoyed by white citizens' directs our attention to the counterfactual – what would have happened if the plaintiff had been white? This focus fits naturally with the ordinary rule that a plaintiff must prove but-for causation. If the defendant would have responded the same way to the plaintiff even if he had been white, an ordinary speaker of English would say that the plaintiff received the 'same' legally protected right as a white person. Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person. Nor does anything in the statute signal that this test should change its stripes (only) in the face of a motion to dismiss.

*Id.* at 1015.

Likewise, other federal district courts applying the holding in *Comcast Corp.* have dismissed a plaintiff's § 1981 claim when the plaintiff alleged multiple theories of discrimination as the "but for" cause for a § 1983 claim. *See, e.g., Arora v. Nav Consulting, Inc.*, No. 21 C 443, 2022 WL 742611, at *2-3 (N.D. Ill. Oct. 13, 2022) (holding that "a plaintiff cannot allege multiple discrimination theories as the 'but for' cause for a Section 1981 violation"); *Adetoro v. King Abdullah Academy*, 585 F. Supp. 3d 78, 82-

85 (D. D.C. 2020) (dismissing a plaintiff's § 1981 claim when the plaintiff mixed theories of discrimination).

Here, Plaintiff's Amended Complaint has failed to plead that race was the "but for" reason for the alleged deprivation of Plaintiff's legally protected rights under § 1981. Specifically, in support of her § 1983 claim, Plaintiff alleges the Individual Defendants "acted under color of state authority as school officials for UNO in intentionally discriminating against the Plaintiff *on the basis of her race and disability*." *[Doc. No. 12, ¶ 165 (emphasis added)]*. By Plaintiff's own admission, her § 1981 claim is premised on mixed theories of alleged discrimination. Therefore, Plaintiff cannot credibly plead that her race was the "but for" reason for the alleged deprivation of rights.

Accordingly, Count VI against Dr. Bridgeford and Chancellor Li in their individual capacities should be dismissed for failure to state a claim upon which relief can be granted.

**F.    Plaintiff's claims of intentional and negligent infliction of emotional distress (Counts VIII and IX) fail as a matter of law.**

Counts VIII and IX[3] of the Amended Complaint assert state law tort claims of intentional and negligent infliction of emotional distress against all the Defendants, in both their official and individual capacities. For the reasons set forth below, Counts VIII and IX should be dismissed in their entirety.

**1.    Counts VIII and IX fail to plead compliance with the State Tort Claims Act**

As discussed above, BRUN is an arm of the State of Nebraska. Accordingly, the Nebraska State Tort Claims Act ("STCA"), NEB. REV. STAT. §§ 81-8,209 *et seq.*, applies to the tort claims asserted against BRUN and its employees. *See Kruger v. Neb.,* 820 F.3d

---

[3] As noted previously, the Amended Complaint lists two Count VIII's. *[See Doc. No. 12, ¶¶ 182-191]*. For clarity within this Brief, Defendants refer to Plaintiff's tort claim for negligent infliction of emotional distress as Count IX.

295 (8th Cir. 2016); *Lundberg v. Univ. of Neb.*, No. 4:CV95-3448, 1996 WL 883606, at *4 (D. Neb. Nov. 25, 1996).

> Under the STCA:

> The State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state, any agency, or any employee of the state on any tort claim ***except to the extent, and only to the extent, provided by the [STCA]***.

NEB. REV. STAT. § 81-8,209. As a prerequisite to filing suit, the STCA states "[a]ll tort claims ***shall*** be filed with the Risk Manager in the manner prescribed by the State Claims Board." NEB. REV. STAT. § 81-8,212 (emphasis added). No suit is permitted under the STCA unless the Risk Manager or State Claims Board has made final disposition of the claim. *See* NEB. REV. STAT. § 81-8,213.

The Court may properly dismiss a plaintiff's tort claim against the State of Nebraska and its agencies when the complaint fails to plead compliance with the STCA. *See Anderson v. Nebraska*, 4:17-CV-3073, 2018 WL 4691249, at *10 (D. Neb. Sept. 27, 2018) (dismissing a plaintiff's state law tort claims against the State of Nebraska when the complaint failed to plead compliance with the STCA).

Here, the Amended Complaint is devoid of ***any*** allegation that Plaintiff complied with the requirements of the STCA by first filing her claim with the Risk Manager of the State of Nebraska. Moreover, the Amended Complaint does not even mention the STCA or acknowledge its applicability to Plaintiff's state law tort claims. Accordingly, Counts VIII and IX should be dismissed in their entirety.

### 2. Plaintiff cannot assert tort claims against the Individual Defendants in their individual capacities.

Even if Plaintiff could plead compliance with the STCA (which she cannot), her individual capacity claims fail as a matter of law because "the STCA limits [Plaintiff] to proceeding against the [Individual Defendants] in their official capacities." *Kruger*, 820

F.3d at 303-304. As explained by the Nebraska Supreme Court, "[§] 81-8,209 of the STCA bars tort claims against the State, its agencies, and its employees unless the State has waived its immunity for the claim." *Davis v. State*, 297 Neb. 955, 969, 902 N.W.2d 165, 180 (2017).

> Under § 81-8,210, whether a plaintiff has sued a state officer or employee in his or her individual capacity is irrelevant to whether the STCA bars a tort claim against that officer or employee. That is because § 81-8,210(4) defines a tort claim to mean a claim for money damages caused by the wrongful or negligent conduct of an officer or employee who was acting "***within the scope of his or her office or employment***, under circumstances in which the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death." And § 81-8,209 authorizes tort liability for a state officer or employee only to the extent the STCA permits. So, under the STCA's definition of a tort claim, plaintiffs are limited to suing state officers and employees in their official capacities.

*Davis*, 297 Neb. at 970, 902 N.W.2d at 181 (emphasis added). "[O]nly when the officer or employee was *not* acting within the scope of his or her office or employment can a plaintiff pursue a tort claim against the officer or employee individually." *Id.* (emphasis in original).

Here, Plaintiff's Amended Complaint does not – and cannot – allege that the Individual Defendants were acting outside the scope of their employment when they committed the alleged torts. Indeed, all of the alleged conduct upon which Plaintiff bases her tort claims was necessarily taken within the scope of the Individual Defendants' employment. For these reasons, Counts VIII and IX asserted against the Individual Defendants in their individual capacities should be dismissed.

### 3. Counts VIII and IX fail to state a claim of intentional and negligent infliction of emotional distress against any of the Defendants.

Even if Plaintiff's tort claims could proceed against the Individual Defendants, Counts VIII and IX are nevertheless subject to dismissal because they fail to state a claim upon which relief can be granted.

20

To succeed on her intentional infliction of emotional distress claim, Plaintiff must plead, and ultimately prove, the following:

    a.  that there has been intentional or reckless conduct,

    b.  that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and

    c.  that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

*Riggs v. Cty. of Banner*, 159 F. Supp. 2d 1158, 1172 (D. Neb. 2001) (internal quotations omitted). "The elements of a claim based upon negligent infliction of emotional distress are somewhat similar." *Carhart v. Smith*, 178 F. Supp. 2d 1068, 1076 (D. Neb. 2001). "In cases where the plaintiff is a 'direct victim' of the defendants' negligence, his emotional distress, which again must be 'so severe that no reasonable person should be expected to endure it,' must also be medically diagnosable and of medically significant severity.'" *Id.* (quoting *Sell v. Mary Lanning Mem'l Hosp. Ass'n*, 243 Neb. 266, 269-72, 498 N.W.2d 522 (1993)). "In addition, the plaintiff is required to show that the defendants were negligent and their negligence caused the plaintiff's emotional distress." *Id.*

In this case, Plaintiff's intentional and negligent infliction of emotional distress claims fail in several respects. Plaintiff has not alleged conduct of any of the Defendants that would be considered so outrageous in character, beyond all possible bounds of decency, to be regarded as atrocious and utterly intolerable in a civilized community. This is true with regard to all the named Defendants, but particularly as to BRUN, UNO, Chancellor Li, and Dr. Bridgeford. Indeed, the Amended Complaint does not contain a *single allegation* showing that BRUN, UNO, Chancellor Li, or Dr. Bridgeford was made

aware of any alleged discriminatory conduct toward Plaintiff before Plaintiff resigned from the Graduate Assistant position.

Moreover, Plaintiff does not allege any legal duty owed by the Individual Defendants. Rather, Plaintiff generically alleges that all Defendants had a duty to comply with the requirements of Title VII, the ADA, and NFEPA. *[See Doc. No. 12, 190]*. Even if Title VII, the ADA, and NFEPA created a duty toward Plaintiff for purposes of this case, such a duty would only apply to Plaintiff's actual employer, BRUN. And, even if BRUN owed such a duty to Plaintiff, Plaintiff has not alleged a single fact showing that BRUN was made aware of any alleged discriminatory conduct toward Plaintiff during her employment.  Therefore, Plaintiff has failed to sufficiently plead that BRUN breached any duty that it may have owed to Plaintiff.

Accordingly, Counts VIII and IX should be dismissed in their entirety for failure to state a claim upon which relief can be granted.

**G.    Plaintiff's disability discrimination claims (Counts IV and V) fail to state a claim upon which relief can be granted.**

Counts IV and V of the Amended Complaint assert disability discrimination claims under NFEPA and the ADA against UNO and BRUN. Specifically, Plaintiff alleges UNO and BRUN discriminated against Plaintiff by failing to accommodate her disability. *[See Doc. No. 12, ¶¶ 151-152, 157]*. For the reasons that follow, Plaintiff's claims fail as a matter of law and must be dismissed.

**First**, Plaintiff's disability discrimination claim asserted under Title II of the ADA fails as a matter of law because Title II is not the proper mechanism for asserting employment-based discrimination claims. Title II provides that "no qualified individual with a disability shall, by reason, of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be

subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II defines a "qualified individual with a disability" as:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). A "public entity" is defined to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(A)-(B).

While "[t]he Eighth Circuit has not yet decided whether a plaintiff can properly assert a claim of employment discrimination under Title II . . . the majority of Circuits have determined, using principles of statutory interpretation, *that Title II unambiguously does not apply to employment related discrimination*." *Trambly v. Bd. of Regents of the Univ. of Neb.*, 4:20-CV-3094, 2021 WL 1615506, at *7 (D. Neb. Apr. 26, 2021) (emphasis added) (citing *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015); *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 420-21 (4th Cir. 2015); *Brumfield v. City of Chicago*,  735 F.3d 619, 626 (7th Cir. 2013); *Mary Jo C v. N.Y. State & Local Rest. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013); *Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 693 F.3d 1303, 1309-10 (10th Cir. 2012); *Zimmerman v. Ore. Dep't of Just.*, 170 F.3d 1169, 1178 (9th Cir. 1999)). In relying on the majority view, this Court has held that when a plaintiff's discrimination claim "unquestionably arise[s] out of his employment, he has not stated a claim under Title II of the ADA that could survive a motion to dismiss." *Id.* Rather, "a claim for that type of employment-based discrimination arises solely under Title I of the ADA[.]" *Id.*

Here, Plaintiff's Amended Complaint alleges she suffered disability discrimination while she was employed as a Graduate Assistant with UNO. *[See Doc. No. 12, ¶¶ 120,*

*151-152, 157]*. Because Plaintiff's disability discrimination claim unquestionably arises out of her employment with UNO, it fails to state a claim upon which relief can be granted under Title II of the ADA and must be dismissed.

**Second**, even if the Court were to liberally construe Plaintiff's Amended Complaint to assert a disability discrimination claim under *Title I* of the ADA, Count V still fails because such a claim is barred by state sovereign immunity. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (holding that Congress' attempted abrogation of state sovereign immunity under Title I of the ADA was unconstitutional); *Trambly*, 2021 WL 1615506, at *5 (recognizing that state sovereign immunity bars claims asserted against BRUN under Title I of the ADA).

**Third**, even if Plaintiff could proceed with her disability discrimination claim against BRUN under Title I of the ADA (which she cannot), Counts IV and V of the Amended Complaint should nevertheless be dismissed for failure to state a claim upon which relief can be granted.  "The ADA prohibits discrimination 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Shotwell v. Reg'l West Med. Ctr.*, 4:14-CV-3210, 2016 WL 4535031, at *4 (D. Neb. Aug. 30, 2016) (quoting 42 U.S.C. § 12112(a)). "Discrimination can include 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee.'" *Id.* (quoting 42 U.S.C. § 12112(b)(5)(A)).[4] In order to succeed on her failure to accommodate claim, Plaintiff must initially show: "(1) an ADA-qualifying disability; (2) qualifications to perform the essential functions of her

---

[4] "[D]isability claims brought under NFEPA are analyzed under the same framework as disability claims brought under the ADA." *Shotwell v. Reg'l West Med. Ctr.,* 4:14-CV-3210, 2016 WL 4535031, at *4 (D. Neb. Aug. 30, 2016) (citations omitted).

position with or without reasonable accommodation; and (3) an adverse employment action **_due to her disability_**." *Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 459 (8th Cir. 2010) (emphasis added). In addition, Plaintiff must show a failure to accommodate her ADA-qualifying disability. *Faulkner v. Douglas Cty., Neb.*, 2016 WL 7413469, at *7 (D. Neb. Dec. 22, 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.* "While [a] court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (internal quotations and citations omitted).

Here, Plaintiff's Amended Complaint first alleges that "the defendants did not accommodate [Plaintiff's] diagnosed ADHD." *[Doc. No. 12, ¶ 120]*. Then, in Count IV Plaintiff confusingly, and for the first time, alleges UNO and BRUN failed to accommodate "Plaintiff's PTSD disability[.]" *[Doc. No. 12, ¶ 151]*. Count IV then includes a conclusory allegation that, "Defendants' action, including not accommodating Plaintiff's ADHD disability constitutes unlawful discrimination" under NFEPA. *[Doc. No. 12, ¶ 152]*. Similarly, Count V of the Amended Complaint contains nothing but a string of skeletal legal conclusions, arguing that "Plaintiff is a qualified individual with a disability within the meaning of all applicable statutes," and that "Defendants have discriminated against the Plaintiff on the basis of her disability by failing to

25

accommodate Plaintiff's disability, by failing to reasonably accommodate the Plaintiff's disability and by otherwise failing to follow the policies and procedures adopted by the Defendants." *[Doc. No. 12, ¶ 157]*.

Removing its hyperbole and conclusory arguments, Plaintiff's Amended Complaint is devoid of ***any*** factual allegations that, if accepted as true, establish the necessary elements of a disability discrimination claim premised on a failure to accommodate. Specifically, Plaintiff does not allege she was qualified to perform the essential functions of the Graduate Assistant position with or without an accommodation. Plaintiff does not allege she suffered an adverse employment action due to her disability – nor could she, given her voluntary resignation. Plaintiff's Complaint also does not contain any allegations showing how UNO and BRUN allegedly failed to accommodate Plaintiff's disability. Plaintiff's formulaic recitation of elements for a disability discrimination claim is utterly insufficient to state any claim upon which relief can be granted.

Accordingly, Counts IV and V of the Amended Complaint should be dismissed in their entirety.

**H.   Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as against Chancellor Li and Dr. Bridgeford.**

As set forth above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] pleading that does nothing more than offer labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Gallagher*, 699 F.3d at 1016 (internal quotations and citations omitted).

In this case, the breadth and bluster of the Amended Complaint cannot compensate for its lack of specificity.  Despite spanning nearly 200 paragraphs and

propounding nine causes of action, Plaintiff's Amended Complaint contains only **one** factual allegation regarding Chancellor Li. Specifically, Plaintiff alleges Chancellor Li responded to a letter sent by Plaintiff following Plaintiff's resignation from the Graduate Assistant position by "saying that she was sorry that these things happened." *[Doc. No. 12, ¶ 116]*. Plaintiff similarly devotes only **two** paragraphs of her Amended Complaint to allegations related to Dr. Bridgeford. Specifically, Plaintiff alleges that around the time she resigned from the Graduate Assistant position, she had a conversation with Dr. Bridgeford during which Dr. Bridgeford stated "she was not going to be able to be an ally for [Plaintiff.]" *[Doc. No. 12, ¶¶ 101-102]*.

Notably, Plaintiff does not allege she complained to Dr. Bridgeford about any alleged discriminatory conduct during this conversation. Moreover, Plaintiff does not allege that Chancellor Li or Dr. Bridgeford were involved in any of the alleged discriminatory conduct toward Plaintiff, or that they were otherwise aware of such conduct prior to Plaintiff's resignation. The sole allegations regarding Chancellor Li and Dr. Bridgeford do not state a claim upon which relief can be granted under any of the theories advanced by Plaintiff's Amended Complaint.

Accordingly, Chancellor Li and Dr. Bridgeford should be dismissed from this case, in both their individual and official capacities, along with all claims asserted against them.

## V.   CONCLUSION

For the foregoing reasons, Board of Regents of the University of Nebraska, University of Nebraska-Omaha, Dr. Tracy Bridgeford, Chancellor Joanne Li, and Dr. Margarette Christensen respectfully request that the Court: (1) dismiss BRUN as party from this lawsuit along with all claims asserted against it; (2) dismiss UNO as a party from this lawsuit along with all claims asserted against it; (3) dismiss the official capacity

claims asserted in Count VI against the Individual Defendants; (4) dismiss Counts IV, V, VI, VII, and IX in their entirety;  (5) dismiss Plaintiff's § 1983 claim under Count VI asserted against the Individual Defendants in their official capacities, and against Dr. Bridgeford and Chancellor Li in their individual capacities; and (6) dismiss Dr. Bridgeford and Chancellor Li as parties from this lawsuit along with all claims asserted against them.

<div style="margin-left:40%">

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA,
UNIVERSITY OF NEBRASKA-OMAHA,
DR. TRACY BRIDGEFORD,
CHANCELLOR JOANNE LI, PH.D., AND
DR. MARGARETTE CHRISTENSEN,
Defendants

By:     s/ Sydney M. Huss
Tara A. Stingley (#23243)
Sydney M. Huss (#26581)
CLINE WILLIAMS WRIGHT
  JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, #200
Omaha, NE 68144
(402) 397-1700
tstingley@clinewilliams.com
shuss@clinewilliams.com

- and -

Bren H. Chambers (#23150)
Deputy General Counsel
University of Nebraska
Varner Hall, Room 234
3835 Holdrege Street
Lincoln, Nebraska 68583-0745
(402) 472-1201
bchambers@nebraska.edu

</div>

**CERTIFICATE OF COMPLIANCE**

I, Sydney M. Huss, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013 word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify that this Brief contains 8,537 words.

 s/ Sydney M. Huss

**CERTIFICATE OF SERVICE**

I, Sydney M. Huss, hereby certify I electronically filed the foregoing on May 8, 2023, with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, which sent an electronic copy to all registered case participants, including the following:

John D. Cartier
Cartier Law
johncartierlaw@gmail.com

 s/ Sydney M. Huss

29