IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DENISHA M. SEALS,

Plaintiff,

vs.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA, UNIVERSITY
OF NEBRASKA OMAHA, TRACY
BRIDGEFORD, PhD, JOANNE LI, PhD, and
MARGARETTE CHRISTENSEN, PhD,

Defendants.

8:22-CV-420

**MEMORANDUM AND ORDER ON
MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiff Denisha M. Seals has sued the Board of Regents of the University of Nebraska, the University of Nebraska Omaha, Tracy Bridgeford, Joanne Li, and Margarette Christensen. Filing 12. In her Amended Complaint, Seals brings federal and state law claims for employment discrimination and discrimination in education, a claim for discrimination in a contractual relationship under 42 U.S.C. § 1981, and claims for intentional and negligent infliction of emotional distress. Filing 12 at 15–28. This matter is before the Court on Defendants' Motion for Partial Dismissal. Filing 13. For the reasons stated herein, the Court grants in part and denies in part Defendants' Motion.

## II.    BACKGROUND

Denisha Seals, an African American woman, was a former Teacher's Assistant (TA) for the English Department at the University of Nebraska Omaha (UNO). Filing 12 at 2. On around August 10, 2020, Seals began working as a TA, with defendant Margarette Christensen acting as the supervisor of Seals's Graduate Assistant program. Filing 12 at 2. During the three weeks Seals

was in the program,[1] Seals claims that she experienced rude and discriminatory treatment from her fellow TAs and Christiansen because she is a black woman. Filing 12 at 5. For example, Christensen allegedly told Seals that Seals came across as "arrogant" during a presentation because Seals's "wide vocabulary" would make white students feel inferior; told Seals that she was surprised when Seals maintained her composure while fielding disrespectful questions from her classmates during a different presentation because of the "angry black woman" stereotype; and advised Seals to avoid wearing certain clothing while teaching because white males have a history of sexualizing black women. Filing 12 at 4–9. Christiansen also allegedly explained to Seals that "the white perspective" on certain issues was "more important because white people are in charge of the system" and that Seals had to be "uniquely mindful of how she carrie[d] herself around her white students." Filing 12 at 6, 9. At one point, Christensen allegedly admitted that she did not allow Seals to teach like the other TAs, all of whom were not black. Filing 12 at 7.

While Seals was in the Graduate Assistant program, she interacted with a fellow student who told her that the other TAs were placing bets on how long Seals would last in the program "because of how racist it was." Filing 12 at 5. The student further claimed that Seals was only in the Graduate Assistant program for diversity purposes. Filing 12 at 11. Seals also spoke to a professor, who said that Seals was "being targeted" and that UNO's English Department was a space of "white supremacy." Filing 12 at 5. Other professors allegedly told Seals that they were not surprised that she was experiencing discrimination at UNO's English Department. Filing 12 at 11. These conversations allegedly caused Seals's post-traumatic stress disorder (PTSD) to "flare up." Filing 12 at 5.

---

[1] The Amended Complaint does not clearly outline a timeframe, but it appears that all the incidents outlined in the Amended Complaint occurred within three weeks.

During the program's second week, Seals requested an extension to turn in assignments from UNO's Accessibility Office because of her attention deficit hyperactivity disorder (ADHD). Filing 12 at 15. The office purportedly told Seals that they could encourage, but not force, instructors to provide such an accommodation. Filing 12 at 14.

Around August 25, 2020, Seals "had a discussion" with the Chair of UNO's English Department, defendant Tracy Bridgeford. Filing 12 at 12. Bridgeford allegedly told Seals during this meeting that she "would not be able to help [Seals] because more 'traditional' students would view this as [Seals] 'brown-nosing'" and because Bridgeford feared that these students would unfairly assume she favored Seals because she was a black first-year TA. Filing 12 at 12. Bridgeford explained that "she had brought [Seals] into the department, but was not going to be an ally for her." Filing 12 at 12.

According to Seals, her interactions with Christiansen and her fellow TAs caused her to suffer panic and anxiety attacks. Filing 12 at 11. She had allegedly lost 15 pounds in three weeks and had feelings of loneliness, worthlessness, and suicidality. Filing 12 at 13. Because of her negative experience in the Graduate Assistant program, Seals stepped down as a TA. Filing 12 at 14.

After leaving the program, Seals wrote a letter to the Board of Regents of the University of Nebraska (Board of Regents) and defendant Joanne Li, the Chancellor of UNO, about her experience. Filing 12 at 14. Li responded in an email to Seals that she was sorry about what had happened. Filing 12 at 14.

Seals filed a charge with the Equal Employment Opportunity Commission and the Nebraska Equal Opportunity Commission. Filing 12 at 2. The Nebraska Equal Opportunity Commission issued a right-to-sue letter on August 18, 2022. Seals filed suit in state court on

3

November 7, 2022, and Defendants removed the case to this Court. Filing 1-1. After an unsuccessful motion to remand to state court, Seals filed an Amended Complaint bringing several claims against Defendants. Filing 12. Stated generally, Seals claims are for (1) racial discrimination in employment and in education; (2) disability discrimination; and (3) intentional and negligent infliction of emotional distress. Filing 12 at 15–28. Christensen, Bridgeford, and Li are sued in their "official and personal capacities." Filing 12 at 15–28. In her prayer for relief, along with monetary damages, Seals requests injunctive relief in the form of annual training of UNO staff, the promulgation of policies and procedures to prevent future deprivations of rights, and all other necessary steps to stop ongoing discrimination. Filing 12 at 28. On May 8, 2023, Defendants filed their Motion for Partial Dismissal. Filing 13.

### III.   ANALYSIS

### A.   Applicable Standards

Defendants move to dismiss under both Rule 12(b)(1)[2] and Rule 12(b)(6) of the Federal Rules of Civil Procedure, so the Court outlines the standards for a motion to dismiss under both rules.

When faced with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court evaluates whether the complaint contains "sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant, Missouri*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility means that the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). Threadbare recitals of elements, conclusory statements, and "factual

---

[2] Defendants do not explicitly reference Rule 12(b)(1) but make arguments to dismiss based on sovereign immunity. Filing 14 at 4.

allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). When a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Christopherson*, 33 F.4th at 499. In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[] all reasonable inferences in favor of the nonmovant.' " *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can present either a "factual" or "facial" attack on a court's jurisdiction. *See Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). Although Defendants have not stated whether they are making a factual or facial attack, Defendants point solely to Seals's allegations in her Amended Complaint when making their arguments. Thus, the Court finds that Defendants' Motion presents a facial attack on jurisdiction. "In a facial attack, 'a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction.'" *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009)). The Court limits itself to the pleadings and grants Seals's Amended Complaint the same protections as if challenged under Rule 12(b)(6). *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

### B.    Preliminary Matters

The Court begins with some preliminary matters. Defendants' Motion argues, *inter alia*, that UNO is not a proper party because it does not have the capacity to sue or be sued under

Nebraska law. Filing 14 at 10–11; *see Lundquist v. Univ. of S. Dakota Sanford Sch. of Med.*, 705 F.3d 378, 379 (8th Cir. 2013). In her opposition brief, Seals essentially concedes the issue and agrees to dismiss UNO as a party without prejudice. Filing 18 at 15. Therefore, the Court will dismiss UNO as a party to this lawsuit without prejudice and consider Defendants' arguments for dismissing the claims against UNO moot.

Defendants' Motion also moved to dismiss the Board of Regents for insufficient service of process. Filing 14 at 8–10. Nevertheless, in their reply brief, Defendants withdraw this request. Filing 19 at 5–6. Therefore, the Court will consider this argument withdrawn.

In response to Defendants' argument that the Title VII claims against Christensen, Bridgeford, and Li in their official capacities were duplicative of Seals's Title VII claim against the Board of Regents, Seals agreed to dismiss these official capacity claims if the Board of Regents remained a defendant. Filing 18 at 16. Because Defendants withdrew their request for dismissal of the Board of Regents for insufficient service, the Board of Regents remains a party to this suit. Therefore, the Court will dismiss the official capacity claims under Title VII against Christensen, Bridgeford, and Li.

In sum, what remains for the Court to adjudicate on Defendants' Motion to Dismiss are Seals's claim for racial discrimination under 42 U.S.C. § 1981, her emotional distress claims, and her disability discrimination claims under the Americans with Disability Act (ADA) and the Nebraska Fair Employment Practice Act (NFEPA). Defendants' Motion does not directly challenge Seals's Title VII, Title VI, and NFEPA racial discrimination claims, which shall remain pending and are not the subject of this order.

### C.     Discrimination Under 42 U.S.C. § 1981

The Court begins with Count VI of Seals's Amended Complaint as it requires the most analysis. In Count VI of the Amended Complaint, Seals brings a claim under 42 U.S.C. § 1981 against Christensen, Bridgeford, and Li in their individual and official capacities. Filing 12 at 22. 42 U.S.C. § 1981 secures the right of all "persons" in the United States to "make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "Contracts" in § 1981 includes contracts for employment. *See Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). Section 1981 protects a state employee from racial discrimination in employment. *See Ellis v. Houston*, 742 F.3d 307, 318–19 (8th Cir. 2014). Because § 1981 does not itself provide a cause of action, 42 U.S.C. § 1983 is the vehicle through which a plaintiff may bring a claim against a state actor for violating her rights under § 1981. *See Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 928 (8th Cir. 2021). The Amended Complaint properly invokes § 1983 as the mechanism by which Seals asserts her § 1981 rights. *See* Filing 12 at 22–24 (Count VI).

Seals alleges that she entered a contractual relationship with UNO to serve as a TA within UNO's English Department. Filing 12 at 22. She claims that, while she worked as a TA, Christensen, Bridgeford, and Li discriminated against her because of her race and disability. Filing 12 at 22–23. In their Motion to Dismiss, Defendants argue that the official capacity claims against Christensen, Bridgeford, and Li fail because § 1981 does not permit suit for money damages against official capacity defendants. Filing 14 at 12–13. They further argue that Bridgford and Li in their individual capacities are entitled to qualified immunity. Filing 14 at 14. Finally, Defendants contend that Seals's § 1981 claim fails because race must be the but-for cause of discrimination under § 1981, and Seals has alleged that both race and disability discrimination underlie her § 1981

claim. Filing 14 at 16. In other words, Defendants assert that mixed motives cannot form the basis of a § 1981 claim. Filing 14 at 16. The Court addresses each argument in turn.

    *1.  Official Capacity Claims*

Defendants argue that Seals's official capacity claims under 42 U.S.C. § 1981 against Christensen, Bridgeford, and Li fail because § 1981 does not permit suit for money damages against official capacity defendants. Filing 14 at 12–13. Seals responds that her official capacity claims survive because she has also requested injunctive relief in her Amended Complaint. Filing 18 at 16. The Court agrees with Defendants.

A suit against a state official in his or her official capacity is akin to a suit against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("[C]laims against state officials in their official capacities are really suits against the state . . . ."). Thus, a suit for damages under 42 U.S.C. § 1983 against a state official in his or her official capacity is barred by sovereign immunity. *See Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) ("A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983."). Here, Seals requests damages for violating her rights under § 1981; therefore, sovereign immunity bars her official capacity claims for damages against Christensen, Bridgeford, and Li.

Seals contends that her official capacity claims under § 1981 survive because she requests various forms of injunctive relief in the "Prayer for Relief" section of her Amended Complaint. Filing 18 at 16–17. This argument falters, however, because all her requests for injunctive relief involve requiring UNO's English Department to take certain actions to address racial discrimination and future violations of constitutional rights. Filing 12 at 28. It is true that a plaintiff may bring official capacity claims "to enjoin a prospective action that would violate federal law."

*Church v. Missouri*, 913 F.3d 736, 747 (8th Cir. 2019) (quoting *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011)). Nevertheless, Seals admits that she left UNO's Graduate Assistant program. Therefore, she lacks standing for this type of injunctive relief because she fails to plausibly allege that she is under a "real and immediate threat of injury" in the future. *Brazil v. Arkansas Dep't of Hum. Servs.*, 892 F.3d 957, 960 (8th Cir. 2018). Seals's official capacity claims under 42 U.S.C. § 1981 are dismissed.

### 2. *Individual Capacity Claims Against Bridgeford and Li*

Defendants raise qualified immunity as a defense to Seals's individual capacity claims under § 1981 against Bridgeford and Li. Defendants point out that the Amended Complaint's allegations against Bridgeford and Li are sparse and argue that Seals fails to plausibly allege that Bridgeford and Li violated clearly established law. Filing 14 at 14–16. Seals responds that she has plausibly alleged that Bridgeford and Li violated clearly established law because Bridgeford, the Chair of UNO's English Department, refused to help Seals after having "a discussion" with her and because Li "was well aware of issues of discrimination" at UNO. Filing 18 at 18.

State actors may raise qualified immunity as a defense to individual capacity claims under § 1981. *See Ellis*, 742 F.3d at 324–25 (evaluating qualified immunity in the context of a suit for violations of § 1981). To overcome a qualified immunity defense at the motion-to-dismiss stage, a plaintiff must show that the complaint plausibly pleads the violation of a constitutional right that was clearly established "at the time of the defendant's alleged misconduct." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quoting *Nord v. Walsh Cnty.*, 757 F.3d 734, 738 (8th Cir. 2014)).

Claims for a racially hostile work environment are cognizable under § 1981. *See Ellis*, 742 F.3d at 318. To make such a claim, a plaintiff must plausibly plead that (1) she is a member of a

9

protected class; (2) she suffered unwelcome harassment based on her race; (3) her race was the but-for cause of the harassment; and (4) the harassment affected a term, condition, or privilege of her employment. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (holding that § 1981 requires "but for" causation); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (providing pre-*Comcast Corp.* elements). To be actionable, "[t]he workplace must be 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive.'" *Anderson*, 606 F.3d at 518 (quoting *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005)).

Importantly, in § 1981 suits, a defendant is only liable for his or her personal involvement in intentional discrimination. *See e.g., Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015); *Sims v. KCA, Inc.*, 28 F.3d 113 (10th Cir. 1994); *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir. 1988); *see also Ellis*, 742 F.3d at 327 (Loken, J., concurring) (emphasizing that personal liability under § 1981 "requires proof of intentional discrimination by *that defendant*" (emphasis in original)). For a defendant in a supervisory position, the plaintiff must plausibly allege that the defendant "'personally participated in or had direct responsibility for the alleged violations' or 'that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts.'" *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016), *as amended* (Mar. 4, 2016) (quoting *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993)).

The only allegations concerning defendant Li's actions towards Seals are that, after Seals left UNO's Graduate Assistant program, she wrote a letter to the Board of Regents and Li, who was the Chancellor of UNO, about the way she was treated while working as a TA. Filing 12 at 14. Li allegedly responded by email to Seals that she was sorry for what had happened. Filing 12

10

at 14. These meager allegations fail to plausibly plead that Li had any personal involvement in what occurred to Seals or that she even knew about the alleged misconduct perpetrated against Seals when it occurred. Therefore, the § 1981 claim against Li in her individual capacity is dismissed.

The allegations against Bridgeford are also insufficient to plausibly plead her liability under § 1981. The Amended Complaint alleges that, around August 25, 2020, when Seals was still working as a TA, she "had a discussion" with Bridgeford. Filing 12 at 12. Bridgeford allegedly told Seals during this discussion that she "would not be able to help [Seals] because more 'traditional' students would view this as [Seals] 'brown-nosing'" and because Bridgeford feared that these students would unfairly assume she favored Seals because she was a black first-year TA. Filing 12 at 12. Bridgeford allegedly explained that "she had brought [Seals] into the department, but was not going to be an ally for her." Filing 12 at 12.

A letter written by Seals, which is attached to the Amended Complaint as an exhibit,[3] fleshes out her other interactions with Bridgeford a bit more. Seals's letter states that she reached out to Bridgeford to give her a "thank you card" because Bridgeford had informed Seals about the open TA position within the English Department. Filing 12-4 at 1. Bridgeford purportedly refused, explaining that accepting gifts from Seals could be perceived as a form of "favoritism" and "brown-nosing."[4] Filing 12-4 at 1.

---

[3] Exhibits attached to a complaint are part of the complaint and may be considered by a court when ruling on a motion to dismiss. See Fed. R. Civ. P. 10(c).

[4] Seals attached, without any authentication, a supposed policy statement from UNO to her brief opposing Defendant's Motion to Dismiss, which she claims UNO issued after Seals filed her charge with the Nebraska Equal Opportunity Commission. Filing 18 at 18; Filing 18-1. A policy issued *after* Seals allegedly faced discrimination does not have relevance to whether Defendants acted with deliberate indifference *while* Seals faced discrimination. Furthermore, Seals's Amended Complaint makes no mention of this particular policy statement or policy statements from UNO in general. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (explaining that a court can consider documents "necessarily embraced by the pleadings, includ[ing] documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

As Defendants correctly point out, the Amended Complaint merely states that Seals "had a discussion" with Bridgeford but does not elaborate on what Seals told Bridgeford. While the Court can reasonably infer that Seals asked Bridgeford for help with something, the Court cannot assume facts Seals does not allege. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (holding that the district court is not required "to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). It is Seals's obligation to plead facts to support her claims. *See Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019). Here, the Amended Complaint does not allege that Seals informed Bridgeford about Christensen's purported behavior. At most, it alleges that Seals asked Bridgeford for help with some matter. This does not plausibly show that Bridgeford "actually knew of" discrimination or was "deliberately indifferent to it." *Saylor*, 812 F.3d at 644. Moreover, Seals's allegation that Bridgeford was concerned about showing "favoritism" to Seals or that Seals would appear to be "brown-nosing" does not plausibly state that Bridgeford refused to help Seals for a discriminatory reason. The § 1981 claim against Bridgeford in her individual capacity is dismissed.

### 3. Mixed Motives

Defendants also argue that Seals's § 1981 claim fails because she alleged both race and disability as the basis for her claim. Filing 12 at 22. Defendants point out that the Supreme Court recently held that § 1981 claims require "but for" causation, and that some courts have concluded that in light of that decision that § 1981 claims fail when a plaintiff alleges multiple types of discrimination as the "but for" cause of § 1981 violations. Filing 14 at 17. Seals responds that the gravamen of her Amended Complaint is racial discrimination perpetrated by Christensen and that alleging that her disability contributed to the discrimination against her was solely to add context.

Filing 18 at 21. She also points out that courts have concluded that a plaintiff may allege multiple "but for" causes of discrimination to support a § 1981 claim. Filing 18 at 21.

In *Comcast Corporation v. National Association of African American-Owned Media*, the Supreme Court considered whether causation under § 1981 required a plaintiff to show that racial animus was the "but for" cause for discrimination or merely a "motivating factor." *Comcast Corp.*, 140 S. Ct. at 1017. The Court held that "[t]o prevail [on a § 1918 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Id.* at 1019.

Defendants point to two cases where § 1981 claims were dismissed because a complaint alleged multiple forms of discrimination. In *Adetoro v. King Abdullah Academy*, a judge for the District Court for the D.C. Circuit concluded that a § 1981 claim failed when the complaint offered several non-racial reasons why the defendants terminated the plaintiffs' employment. *See Adetoro v. King Abdullah Acad.*, 585 F. Supp. 3d 78, 85 (D.D.C. 2020). Because the plaintiffs offered several reasons other than race that caused their termination, including national origin, religion, and the defendants' financial problems, "sprinkl[ing] in a few allegations of race discrimination" was not enough to plausibly suggest that race was the but for cause for their termination. *Id.* at 83– 84. Similarly, in *Aurora v. Nav Consulting Inc.*, a judge for the Northern District of Illinois dismissed a § 1981 claim when the plaintiff pleaded that the defendants discriminated against him because of his race, ethnicity, national origin, and citizenship status. *See Arora v. Nav Consulting Inc.*, No. 21 C 4443, 2022 WL 7426211, at *2 (N.D. Ill. Oct. 13, 2022). The *Aurora* court also noted that the complaint failed to plausibly allege that defendants' actions were race-based. *See id.* at *3.

In contrast with *Adetoro* and *Arora*, the thrust of the Amended Complaint, particularly as it pertains to Christensen, is racial discrimination. Defendants' argument rests on one conclusory line in the Amended Complaint stating, "Defendants Bridgeford, Li, and Christensen acted under color of state authority as school officials for UNO in intentionally discriminating against [Seals] on the basis of her race and disability." Filing 12 at 22. This is a far cry from alleging several types of discrimination throughout a complaint to support a § 1981 claim, as was the case in *Adetoro* and *Arora*. In fact, the first factual allegation Seals makes in her § 1981 claim is that Seals is an African American, and her other allegations emphasize she was treated differently than white TAs and that Defendants' failed to remedy the "systemic racism" at UNO. Filing 12 at 22–23. Indeed, to the extent the Amended Complaint accuses Christensen, Bridgeford, and Li of intentional disability discrimination, it fails to provide sufficient allegations to make such an accusation plausible. The Court does not construe a single stray reference to disability in the specific allegations supporting the § 1981 claim in the Amended Complaint as alleging that disability was the "but for" cause of the alleged violation of § 1981, and the Amended Complaint does plausibly allege racial discrimination against Christensen. Therefore, the § 1981 claim against Christensen in her individual capacity survives.

### D.    Negligent and Intentional Infliction of Emotional Distress

Turning to Seals's claims for negligent and intentional infliction of emotional distress against all Defendants, Defendants highlight that Christensen, Bridgeford, and Li are all Nebraska employees, so her tort claims needed to comply with the Nebraska State Tort Claims Act (STCA). Filing 14 at 18–19. Defendants argue that because the Amended Complaint offers no allegations that Seals complied with the STCA before suing, her negligent and intentional infliction of emotion distress claims must be dismissed. Filing 14 at 19. Seals makes no arguments in response.

14

The Court must first address the effect of Seals failing to offer any response to Defendants' argument. Of course, by failing to offer any response, Seals has forfeited any arguments she may have had. *See Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1051 (8th Cir. 2021) (holding that a plaintiff had waived an argument by failing to raise it in opposition to the defendant's motion to dismiss). Nevertheless, the Court concludes that Seals has not abandoned these claims. *See Abram v. Sohler*, No. 8:22-CV-152, 2022 WL 3108101, at *3 (D. Neb. Aug. 4, 2022) (concluding that failing to file a brief opposing a motion to dismiss did not constitute an abandonment of claims) (citing *Marcure v. Lynn*, 992 F.3d 625, 631 & n.4 (7th Cir. 2021)). Therefore, the Court will determine whether dismissal of these claims is appropriate.

Noncompliance with the STCA is an affirmative defense, which may be properly asserted in a Rule 12(b)(6) motion when the face of the complaint supports it. *See Weeder v. Cent. Cmty. Coll.*, 691 N.W.2d 508, 515 (Neb. 2005); *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) ("If an affirmative defense is apparent on the face of the complaint that defense can provide the basis for dismissal under Rule 12(b)(6)." (cleaned up) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008))). Under Nebraska law, all claims against state agencies and state employees for torts committed by state employees acting within the scope of their employment must comply with the STCA. *See* Neb. Rev. Stat. § 81-8,209; *accord Davis v. State*, 902 N.W.2d 165, 181 (Neb. 2017) ("[I]f an officer or employee was acting within the scope of his or her office or employment and the alleged tortious conduct falls within an exception to the State's waiver of tort immunity, the STCA bars a tort claim against the officer or employee[.]"); *Bojanski v. Foley*, 798 N.W.2d 134, 144 (Neb. Ct. App. 2011) ("[W]hile a state employee or officer may be allegedly sued 'individually,' if he or she is acting within the scope of employment or office, the [STCA] still applies and provides immunity, unless such has been

waived."). As alleged in the Amended Complaint, Christensen, Bridgeford, and Li were all acting within the scope of their employment as employees of UNO—a Nebraska state university—when they allegedly caused Seals emotional distress. Furthermore, "the Board of Regents of the University of Nebraska is an agency of the state." *Catania v. Univ. of Nebraska*, 282 N.W.2d 27, 32 (Neb. 1979), *overruled on other grounds by Blitzkie v. State*, 422 N.W.2d 773 (Neb. 1988). Thus, the STCA applies to Seals's emotional distress claims against all Defendants.

As outlined in the STCA, all tort claims must be filed with the "Risk Manager in the manner prescribed by the State Claims Board." Neb. Rev. Stat. § 81-8,212. The STCA bars suits "unless the Risk Manager or State Claims Board has made final disposition of the claim" except when six months pass from the time the plaintiff submits the claim. Neb. Rev. Stat. § 81-8,213; *accord Saylor v. State*, 944 N.W.2d 726, 729 (Neb. 2020) ("Generally speaking, a claimant cannot file suit under the STCA until the Risk Manager or State Claims Board makes a final disposition of the claim."). Here, Seals has made no allegations nor has she provided any evidence that she presented her claim to the Risk Manager, that the Risk Manager or State Claims Board made a final disposition, or that six months since the submission of her claim passed before she filed suit. Therefore, Seals's intentional and negligent infliction of emotional distress claims must be dismissed.

### E.    Americans with Disabilities Act Title II Claim

In Count V, Seals brings a claim for disability discrimination in her employment against the Board of Regents under Title II of the ADA. Filing 12 at 21–22; Filing 18 at 25 (making clear that Seals's Title II claim "is directly related to her employment"). While Title I of the ADA prohibits discrimination in employment, *see* 42 U.S.C. § 12112, Title II prohibits "public entities" from excluding a person with disabilities or denying him or her "the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Presumably, Seals invokes Title II of the ADA because it abrogates state sovereign immunity for acts that violate the Fourteenth Amendment, while Title I does not. *Compare United States v. Georgia*, 546 U.S. 151, 159 (2006) (holding that Title II validly abrogated state sovereign immunity), *with Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) (holding that Title I did not validly abrogate state sovereign immunity). Unfortunately for Seals, this strategy does not save her claim. As Defendants correctly point out, a "majority of Circuits have determined, using principles of statutory interpretation, that Title II unambiguously does not apply to employment related discrimination." *Trambly v. Bd. of Regents of Univ. of Nebraska*, No. 4:20-CV-3094, 2021 WL 1615506, at *7 (D. Neb. Apr. 26, 2021) (citing holdings from the Tenth, Ninth, Seventh, Fifth, Fourth, and Second circuits). *But see Bledsoe v. Palm Beach Cty. Soil & Water Conservation Dist.*, 133 F.3d 816, 820 (11th Cir. 1998) (relying on legislative history and affording deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), to conclude that Title II covers public employment discrimination). Other circuits have held that Title I's remedy is the exclusive means for addressing employment discrimination under the ADA. *See Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 118 (3d Cir. 1998); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1014-15 (6th Cir. 1997). The Court agrees with the overwhelming majority of circuits and concludes that Seals cannot bring a claim under Title II of the ADA for employment discrimination.

### F.    Nebraska Fair Employment Practice Act Disability Discrimination

The Court last addresses Defendants' argument that Seals's disability discrimination claim under NFEPA should be dismissed because the Amended Complaint fails to state a claim for relief. Filing 14 at 24–26. Defendants contend that Seals fails to plausibly allege that she was qualified

to perform her job as a TA with or without a reasonable accommodation or that she suffered an adverse employment action. Filing 14 at 26. Seals failed to file any response to the arguments against her NFEPA disability discrimination claim.

Seals brings a failure-to-accommodate claim under NFEPA. Filing 12 at 20. NFEPA forbids employers from discriminating against employees by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship." Neb. Rev. Stat. § 48-1107.02(e). To make a claim for failure to accommodate a disability, Seals must plausibly plead that she is disabled under NFEPA, that she is a qualified individual under NFEPA, and that she suffered an adverse employment action by the defendant failing to accommodate her disability. *See Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015) (listing elements under the ADA);[5] *Marshall v. Eyecare Specialties, P.C. of Lincoln*, 876 N.W.2d 372, 386 (Neb. 2016) (applying the *McDonnel Douglas* burden-shifting framework in a failure-to-accommodate case); *Arens v. NEBCO, Inc.*, 870 N.W.2d 1, 17 (Neb. 2015) (stating that under NFEPA "a covered employer's failure to make reasonable accommodations for a qualified individual's known physical or mental limitations is discrimination, unless the employer demonstrates that accommodating the individual's limitations would impose an undue hardship on business operations").

Importantly, a plaintiff must allege that she "requested accommodations or assistance for . . . her disability." *Powley v. Rail Crew Xpress, LLC*, 25 F.4th 610, 612 (8th Cir. 2022)

---

[5] Federal cases applying the ADA may be used in determining the requirements of a claim under NFEPA. *See Faulkner v. Douglas Cnty.*, No. 8:15CV303, 2016 WL 7413469, at *6 (D. Neb. Dec. 22, 2016), *aff'd*, 906 F.3d 728 (8th Cir. 2018) ("When applying NFEPA to cases involving disability, the Nebraska Supreme Court follows the same analysis as used by federal courts in cases brought pursuant to the ADA."); *see also Riesen v. Irwin Indus. Tool Co.*, 717 N.W.2d 907, 913–14 (Neb. 2006) ("In cases involving claims of employment discrimination, . . . this court has recognized the burden-shifting analysis which originated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [1973].").

(omission in original) (quoting *Schaffhauser*, 794 F.3d at 906). The employee "must make clear that the employee wants assistance for . . . her disability." *Id.* (omission in original) (quoting *Ballard v. Rubin*, 284 F.3d 957, 962 (8th Cir. 2002)). "Where a 'disability, resulting limitations, and necessary accommodations, are not open, obvious, and apparent to the employer,' a plaintiff who fails to disclose her disability and request an accommodation from her employer cannot show that she is qualified with accommodation." *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 846 (8th Cir. 2015) (quoting *Rask v. Fresenius Med. Care N. Am.*, 509 F.3d 466, 470 (8th Cir. 2007)).

As the basis for her failure-to-accommodate claim under NFEPA, Seals alleges that the Board of Regents failed to accommodate "her PTSD disability." Filing 12 at 20. The Complaint does not allege, however, that Seals ever requested an accommodation for her PTSD. Because Seals does not plausibly allege that the Board of Regents knew of the need for an accommodation, or knew that Seals was disabled, her failure-to-accommodate claim fails.[6] *See Powley*, 25 F.4th at 612 (holding that summary judgment was warranted on the plaintiff's failure-to-accommodate claim because she "did not demonstrate that she requested accommodations or assistance for her alleged disability, as required for a failure-to-accommodate claim"); *Ballard*, 284 F.3d at 962 (holding that the plaintiff failed to provide the defendant with "enough information that, under the

---

[6] Although the Amended Complaint does not identify it as the basis for her failure-to-accommodate claim under NFEPA, Seals did allege in the body of her Amended Complaint that "Defendants did not accommodate [her] diagnosed ADHD" after she "asked for assignment extensions due to ADHD." Filing 12 a 14. According to the Amended Complaint, Seals was told that class instructors could not be forced to provide an accommodation. Filing 12 at 14. Therefore, even if the Amended Complaint also claimed the Board of Regents failed to accommodate her ADHD, it is clear from this allegation that the requested accommodation was for her classwork as a student, not for her employment. Seals makes no allegations that her classwork was related to her job duties as a TA. Because the Amended Complaint does not plausibly allege that the ADHD accommodation was related to her job, or that it would be apparent that the Board of Regents knew of the need for an accommodation for Seals's job, if Seals is using ADHD as the basis for her disability-discrimination-in-employment claim the claim fails. *See Schaffhauser*, 794 F.3d at 905 (outlining that the employee must have "suffered an adverse *employment* decision" (emphasis added)); *Walz v. Ameriprise Fin., Inc.*, 779 F.3d 842, 846 (8th Cir. 2015) (stating that there is no duty to accommodate when the plaintiff never requested an accommodation).

circumstances, [it could] be fairly said to know that [the plaintiff] sought accommodation for his disability" (internal quotation marks omitted)). Therefore, her NFEPA claim must be dismissed.[7]

## IV.   CONCLUSION

For these reasons, the Court dismisses Seals's intentional infliction of emotional distress claim, negligent infliction of emotional distress claim, disability discrimination claim under Title II of the ADA, and disability discrimination claim under NFEPA. The Court dismisses Seals's § 1981 claim against Christensen, Bridgeford, and Li in their official capacities and Bridgeford and Li in their individual capacities. The Court also dismisses Seals's Title VII claim against Christensen, Bridgeford, and Li in their official capacities. Because no claims remain against Bridgeford and Li, they are terminated as defendants in this case. UNO is also terminated as a defendant in this case due to Seals voluntarily dismissing it. The Court also notes that the Motion to Dismiss did not directly challenge Seals's Title VII, Title VI, and her NFEPA race discrimination claims, so those remain pending. Accordingly,

IT IS ORDERED:

1. Defendants' Motion for Partial Dismissal, Filing 13, is granted in part and denied in part; and

---

[7] Seals includes conditional requests to amend throughout her opposition brief. Seals never filed a motion to amend with a proposed amended complaint as required by this Court's local rules, however. *See* NECivR 15.1(a); *Sorace v. United States*, 788 F.3d 758, 768 (8th Cir. 2015) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."). Her improperly made requests to file a second amended complaint are denied. Defendants' request for oral argument is also denied as the Court does not hold oral arguments on straightforward motions to dismiss. *Cf.* NECivR 56.1 ("Generally, the Court does not hear oral argument on summary judgment motions."). The Court also denies Defendants' requests for attorney fees, as they cited no applicable law in their Motion and did not brief the issue in their brief in support of their Motion. *See* NeCivR 7.1(a)(1)(A).

2.   Defendants Tracy Bridgeford, Joanne Li, and the University of Nebraska Omaha are

terminated as defendants in this case.

Dated this 28th day of July, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge