IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISHA M. SEALS,<br><br>     Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and MARGARETTE CHRISTENSEN, PHD.,<br><br>     Defendants. | **CASE NO. 8:22-CV-420**<br><br>**RULE 26(f) REPORT** |

  The following attorneys conferred by telephone conference and by email to prepare the Report of Parties' Planning Conference for the above-captioned case:

**Counsel for Plaintiff**:  John D. Cartier (#26307)
            Cartier law
            PO Box 5241
            Lincoln, NE 68505
            (954) 319-9832
            johncartierlaw@gmail.com

**Counsel for Defendants**:  Tara A. Stingley (#23243)
            Sydney M. Huss (#26581)
            CLINE WILLIAMS WRIGHT
             JOHNSON & OLDFATHER, L.L.P.
            Sterling Ridge
            12910 Pierce Street, Suite 200
            Omaha, NE 68144
            (402) 397-1700
            tstingley@clinewilliams.com
            shuss@clinewilliams.com

              - and -

            Bren H. Chambers (#23150)
            Deputy General Counsel
            University of Nebraska
            3835 Holdrege Street
            (402) 472-1201
            bchambers@nebraska.edu

The parties discussed the case and jointly make the following report:[1]

**I.    INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

        ☐    Jurisdiction is contested because _____.

        ☐    Venue is contested because _____.

        ☒    Neither jurisdiction nor venue are contested.

    B.    <u>Immunity</u>:  As to the defendant(s) (mark all boxes that may apply).

        ☒    An immunity defense has been raised by a defendant.

        ☐    An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

        ☐    No immunity defense has or will be raised in this case.

    C.    Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

        ☐    Not applicable.

        ☒    The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

        ☐    Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

            ☐    before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions.  See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

☐      a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐      motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II.    CLAIMS AND DEFENSES:

A.    <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

In this case, Ms. Seals has made a claim against Defendants under both state and federal civil rights statutes which prohibit racial discrimination against an employee and student. Specifically, Ms. Seals claims that she was discriminated against by Defendants when she worked as a teacher's assistant under Dr. Christensen for the University of Nebraska-Omaha's graduate assistant english department program for several weeks in August 2021. While she was working for Defendants, she encountered extreme racism, bullying, and disparaging remarks from not only fellow students and other faculty but also from Dr. Christensen. These actions and words amount to discrimination against federal and state law prohibiting treating individuals differently on account of their racial identity. As a result of this illegal behavior, Ms. Seals suffered panic and anxiety attacks, among other negative emotions, which seriously affected her physical and mental wellbeing. She also has suffered economic damages in lost wages and expenses while attending the University as she was unable to finish the program and go into academic teaching like she was planning to. There are three causes of actions against the Board of Regents of the University of Nebraska ("BOR") and one against Dr. Christensen in her individual capacity:

Count I is a claim against the Board of Regents of the University of Nebraska ("BOR") pursuant to the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 ("FEPA"). Pursuant to § 48-1126 "[t]he state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." § 48-1104 (1),(2) says it shall be unlawful for an employer to "(1) To fail or refuse to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin; or (2) To limit, advertise, solicit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect such individual's status as an employee, because of such individual's race, color, religion, sex, disability, marital status, or national origin."

Count II is also against the BOR and alleges that Defendant's actions constituted violations of Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. §2000(e)-2(m) et seq.). "It shall be an unlawful employment practice for an employer to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

Count III (against BOR) falls under 42 U.S.C. Section 2000d, et seq. (a/k/a, "Title VI") Racially Hostile Educational Environment. "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Count VI is against Dr. Christensen in her individual capacity. Pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981 racial discrimination is prohibited "By Persons Acting Under Color of State Law."

Seals requests monetary damages as a remedy, but also requests injunctive relief in the form of annual training of UNO staff, the promulgation of policies and procedures to prevent future deprivations of rights, and all other necessary steps to stop ongoing discrimination.

     B.    <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims against Dr. Christensen in her individual capacity are barred by qualified immunity.

3. Defendants, at all times, acted in good faith and without discriminatory motive.

4. Plaintiff's claims fail to the extent Plaintiff failed to utilize and/or exhaust available remedies or satisfy prerequisites to filing suit.

5. Plaintiff's claims fail to the extent they are barred by the doctrines of waiver, laches, and/or estoppel.

6. Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.

7. Any awarded damages must be reduced by third-party payments made to Plaintiff for unemployment insurance.

8. Plaintiff's claims are barred to the extent they are untimely and/or barred by the applicable statute of limitations.

9. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm by not taking

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

        advantage of reporting procedures outlined in applicable policies.

       10. Any award of punitive damages to Plaintiff is barred by applicable law.

       11. To the extent Plaintiff's claims concern matters outside the scope of her Charge of Discrimination filed with the NEOC and EEC, those claims are barred.

       12. Plaintiff's claims are barred by sovereign immunity under common law and the Eleventh Amendment to the United States Constitution.

**III.**    **METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

    ☐   <u>Administrative record</u> review:

        ☐   A party will request discovery.

        ☐   A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

        ☐   A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

    ☐   <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

        ☐   A party will request discovery.

        ☐   A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

        ☐   A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

    ☒   <u>Trial</u>**:**

        ☐   No party has timely demanded a jury trial.

        ☐   A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

☒     A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **October 23, 2023**.

☐     The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV.**     **SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☐     To date, there have been no efforts taken to resolve this dispute.

☒     Efforts have been taken to resolve this dispute

       ☐     prior to filing this lawsuit. Explain: _____.

       ☒     after filing this lawsuit, but before the filing of this report.
Explain: <u>Plaintiff sent Defendants a settlement letter</u>.

☒     Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

       ☐     It is agreed:

              ☐     Mediation is appropriate at this time, and pending the outcome of those efforts,

                   ☐     case progression should be stayed.

                   ☐     case progression should not be stayed.

              ☒     Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: **Upon completion of discovery**.

              ☐     Mediation will not be appropriate. Explain: _____.

              ☐     Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

       ☐     At least one party is not interested in exploring options for settling this case.

**V.     CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐   All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒   At least one party does not currently consent.

**VI.    CASE PROGRESSION:**

A.   Initial mandatory disclosures required by Rule 26(a)(1).

☐   Have been completed.

☒   Will be completed by **September 28, 2023**.

B.   Motions to amend the pleadings or to add parties.

☐   A plaintiff **does not** anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **September 29, 2023**.

☐   A defendant **does not** anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **October 30, 2023**.

If more than 90 days are needed, explain why: _____.

C.   Discovery.

1)   As to written discovery under Rules 33, 34, 36, and 45:

a.   The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒   The parties do not anticipate any disputes over the number of discovery requests served.

7

  ☐  The parties believe a dispute may arise over the number of (mark all boxes that may apply):

    ☐  Interrogatories.

    ☐  Requests for Production.

    ☐  Requests for Admission.

  If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

 b. Written discovery will be completed[4] by **March 21, 2024**.

2) As to expert disclosures as required under Rule 26(a)(2):

 ☐ The parties do not anticipate calling experts to testify at trial.

 ☒ The parties anticipate calling experts to testify at trial, and

  a. Counsel agree to at least **<u>identify</u>** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by  .[5]

  Plaintiff on or before January 31, 2024; and by Defendants on or before February 29, 2024.

  b. Expert **<u>reports</u>** shall be served by **Click here to enter a date.**.[6]

  Plaintiff on or before February 29, 2024; and by Defendants on or before March 29, 2024.

  c. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by June 28, 2024.

3) As to deposition testimony under Rules 30 and 45:

  a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **five (5)**.

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[5] **Note**:  The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[6] **Note**:  The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

8

b. All depositions

☒ will be limited by Rule 30(d)(1).

☐ will be limited by Rule 30(d)(1), except as follows: _____.

c. All depositions, regardless of whether they are intended to be used at trial, will be completed by **May 31, 2024**.

4) Protective Order:

☒ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

☐ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

☐ with the court's standard Attorneys' Eyes Only provisions.

☐ with the court's standard HIPAA language permitting release of Protected Health Information.

☐ the parties hereby move the court to enter the proposed protective order attached to this report.

☒ the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[7]

☐ At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

☒ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

  ☒ Documents between legal counsel and clients created on or after **November 2, 2021**

  ☐ Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

  ☐ The following documents: _____.

☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

  ☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

  ☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: **The Plaintiff may serve a total of 50 interrogatories on the Defendants. The Defendants, collectively, may serve a total of 50 interrogatories on the Plaintiff**.

D. Dispositive Motions.

  ☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

  ☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

    a. as to the following claims and/or defenses:[8] **The Defendants anticipate filing a motion for summary judgment following the completion of discovery as to all of Plaintiff's claims and**

---

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

                **seeking dismissal of the First Amended Complaint in its entirety and with prejudice**;

        b.      such motions to be filed on or before **August 30, 2024**.

E.      Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F.      This case will be ready for trial before the court by: **February 2025**.

G.      The estimated length of trial is **4 days**.

**VII.**      **CONFERENCING WITH THE COURT**:

A.      Initial Case Conference:

☐      At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒      All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.      Interim Status Conference:

☐      At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒      The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:**      **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **September 21, 2023.**

/s/ John D. Cartier

John D. Cartier (#26307)
Cartier Law
PO Box 5241
Lincoln, NE 68505
(954) 319-9832
johncartierlaw@gmail.com
*Attorney for Plaintiff*

/s/ Tara A. Stingley

Tara A. Stingley (#23243)
Sydney M. Huss (#26581)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144
(402) 397-1700
tstingley@clinewilliams.com
shuss@clinewilliams.com
*Attorneys for Defendants*

- and -

Bren H. Chambers (#23150)
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583
(402) 472-1201
bchambers@nebraska.edu
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to the following:

John D. Cartier
johncartierlaw@gmail.com
*Counsel for Plaintiff*

        /s/ Tara A. Stingley

(Rev. 6/11/2020)