IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISHA M. SEALS,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and MARGARETTE CHRISTENSEN, PhD;<br><br>Defendants. | 8:22CV420<br><br>ORDER |

This matter is before the Court on Defendant Board of Regents of the University of Nebraska's ("BRUN") Motion to Strike Plaintiff's Jury Demand. (Filing No. 35.) For the reasons explained below, the motion will be granted.

## DISCUSSION

BRUN requests that the Court strike Plaintiff's demand for a jury trial on her claims that BRUN violated Title VI, 42 U.S.C. § 2000d *et seq*. (Count III of the Second Amended Complaint) and the Nebraska Fair Employment Practice Act ("NFEPA") (Count I of the Second Amended Complaint). BRUN argues Plaintiff does not have a constitutional or statutory right to a jury trial on the Title VI and NFEPA claims because BRUN, a state agency, enjoys sovereign immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253, (2011). "A State, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Still, "[a] State's consent to suit must be unequivocally expressed in the text of the relevant statute." *Id*. at 285.

Pursuant to 42 U.S.C. § 2000d-7, a State is not immune under the Eleventh Amendment from suit in federal court "for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7. However, Title VI and 42 U.S.C. § 2000d-7 do not contain unequivocal waivers of sovereign immunity that extend to a jury trial. Importantly, this Court has found the same in the context of Title IX actions. See *Abdulsalam v. Board of Regents of the University of Nebraska*, No. 4:22CV3004, 2023 WL 2374460, at *2 (D. Neb. Mar. 6, 2023) ("Although Title IX waives state sovereign immunity from suit, there is no provision in Title IX imposing a waiver of sovereign immunity that includes a right or requirement to jury trial"); *Doe 1 v. Bd. of Regents of the Univ. of Neb.*, No. 4:20CV3081, 2023 WL 3548212, at *2 (D. Neb. May 18, 2023) (finding that Title IX and 42 U.S.C. § 2000d-7 do not explicitly contain waivers of sovereign immunity that extend to a jury trial). This case law is particularly persuasive as "Congress modeled Title IX after Title VI of the Civil Rights Act of 1964, . . . and passed Title IX with the explicit understanding that it would be interpreted as Title VI was." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009) (internal citations omitted).

If a statute is silent on the issue of jury trial, "then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." *Panazides v. Virginia Bd. of Education*, 13 F.3d 823, 827 (4th Cir. 1994). Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. To determine whether the Seventh Amendment requires a jury trial, courts consider: (1) whether the cause of action was "tried at law at the time of the founding or is at least analogous to one that was;" and (2) "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (internal quotations and citations omitted).

Plaintiff does not have a Seventh Amendment right to a jury trial on her Title VI claim. There was no action equivalent to a Title VI claim against state entities when the Seventh Amendment was adopted. "Since there was no common law right to sue the political subdivisions

2

of the State of Nebraska, there was no Seventh Amendment right to a jury trial." *Abdulsalam*, 2023 WL 2374460, at *2 (quotation omitted). *See also Jacobson v. Shresta*, 288 Neb. 615, 624, 849 N.W.2d 515, 521 (2014) ("In 1875, there was no right to a jury trial on any issue in a suit against the State or its political subdivisions because the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity, operated to bar such suits at that time.") Therefore, there is no right to a jury trial on the Title VI claim.

There is likewise no right to a jury trial on the NFEPA cause of action. "Under Nebraska law, there was no historical right to a jury trial against the State or its political subdivisions because of the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity." *Casteel v. City of Crete*, No. 4:16CV3166, 2017 WL 3635184, at *3 (D. Neb. Aug. 23, 2017) (quotation omitted). "[T]he [l]egislature has determined when and how it will waive the State's sovereign and governmental immunity." *Jacobson*, 288 Neb. at 625, 849 N.W.2d at 522. "A waiver of such immunity must be stated in express language or by clear implication." *Casteel*, 2017 WL 3635184, at *3.

Pursuant to Neb. Rev. Stat. § 48-1126, "[t]he state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." Neb. Rev. Stat. § 48-1126. "A complainant who has suffered . . . a violation of [the NFEPA] may . . . file an action directly in the district court of the county where such alleged violation occurred." Neb. Rev. Stat. § 48-1119. Like Title VI, NFEPA does not express a waiver of sovereign immunity to allow for a jury trial against BRUN, a state entity. *See Casteel*, 2017 WL 3635184, at *3 (finding no right to jury trial on NFEPA claim because Neb. Rev. Stat. § 48-1126 was not "an express or clear waiver of governmental immunity with respect to a jury trial against a political subdivision"). Plaintiff is not entitled to a jury trial on her NFEPA claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 35) is granted.

Dated this 2nd day of April, 2024.

3

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

8:22-cv-00420-BCB-SMB Doc # 60 Filed: 04/02/24 Page 4 of 4 - Page ID # 638