IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENISHA M. SEALS,<br><br>      Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, UNIVERSITY OF NEBRASKA OMAHA, TRACY BRIDGEFORD, PhD; JOANNE LI, PhD; and MARGARETTE CHRISTENSEN, PhD;<br><br>      Defendants. | 8:22CV420<br><br>**ORDER** |

  This matter comes before the court upon review of Plaintiff's Motion for Extension of Time to File Expert Witness Disclosures and Issue Expert Witness Report (Filing No. 86). For the reasons that follow, the motion will be denied.

BACKGROUND

  On September 25, 2023, the court entered a final progression order. (Filing No. 27). Relevant to the pending motion, the deadline for Plaintiff to identify expert witnesses was January 31, 2024, and the deadline to serve expert reports was February 29, 2024. (*Id.*) On October 6, 2023, Plaintiff's counsel emailed the court stating that Plaintiff's treating psychiatrist, Dr. Lauren Edwards, was asked to be an expert witness in the case, and after "a few days of consideration, Dr. Lauren Edwards told me that she is not willing to be an expert witness for us because she is fearful of the consequences of going against the Board of Regents (she works for UNMC)". (Filing No. 87-1 at p. 5). Counsel requested guidance about what to do because Plaintiff considered Dr. Edwards to be an "incredibly important piece" of Plaintiff's case. Counsel asked:

1

> Do you need Plaintiff to subpoena Dr. Edwards to provide the information required under Fed. R. Civ. P. 26(a)(2)(C), i.e. provide a written report? Or do we simply list Dr. Edwards under our expert disclosure without an accompanying report from her, and then go through the process to subpoena her to appear in court when we get a date settled later in 2024/early 2025?

(Filing No. 87-1 at p. 5). The Court instructed the parties to confer and noted that Plaintiff should contact the court to schedule a telephone conference if the issue could not be resolved.

On October 16, 2023, Plaintiff's counsel sent an email to Defendants' counsel asking if Defendants would stipulate that Dr. Edwards did not need to submit an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(C). (Filing No. 87-1 at p. 7). Counsel for Defendants responded stating:

> Defendants are not able to stipulate to this issue at this time because we are not aware of what Plaintiff will seek to have Dr. Edwards testify about beyond Dr. Edwards' treatment of Plaintiff. To the extent Plaintiff intends to rely on opinions from Dr. Edwards that are not stated within her treatment records and other report (which we haven't seen yet), Plaintiff will need to separately disclose them in accordance with the Federal Rules of Civil Procedure.

(Filing No. 87-1 at p. 7). On January 31, 2024, Plaintiff served Plaintiff's Non-Retained Expert Disclosure, disclosing Dr. Edwards as a non-retained expert witness. (Filing No. 87-1 at p. 11).

On February 27, 2024 the parties filed a joint motion to amend the progression order requesting extension of certain progression deadlines, including Defendants' deadline to identify expert witnesses expected to testify at trial and to serve complete expert disclosures (Filing No. 54). To establish good cause for the extension, the parties jointly stated: "The parties further intend to meet and confer regarding Plaintiff's objection to a subpoena previously noticed by Defendants. The information sought through the subpoena is necessary for Defendants to determine whether they intend to designate an expert witness

2

in this matter and which expert witness(es) to designate." (Filing No. 54). The request did not include an extension of Plaintiff's deadline for identifying experts and serving complete expert reports. The parties' joint motion was granted on February 27, 2024. The order states that "the provisions of the Court's previous final progression order remain in effect," subject to the amendments made in the document. New deadlines for identification of experts and complete expert disclosures were set for Defendants only. (Filing No. 55).

On June 19, 2024, Defendants filed an opposed motion to extend deadlines, requesting additional time for serving complete expert disclosures. (Filing No. 72). The motion was granted during the July 24, 2024 discovery dispute conference, and the amended final progression order following the call extended the expert disclosure deadline for Defendants to September 23, 2024. During that same call, Plaintiff requested a 60-day extension of Plaintiff's initial expert disclosure deadline. Defendants opposed the request as the deadline had expired and because Dr. Edwards had been designated as a non-retained expert in her capacity as a treating physician. At that time, Defendants said it was anticipated that Dr. Edwards was not willing to be designated as a retained expert for Plaintiff and would not willingly review medical records received through subpoenas, so Defendants saw no need for Plaintiff's deadline to be extended. (Filing No. 77, audio file at 1:21:10-1:26:32).

Plaintiff acknowledged that Plaintiff would "most likely have to subpoena a response from [the doctor]." (*Id*). Plaintiff's counsel indicated that Dr. Edwards was the only expert disclosed to date. At that time, Plaintiff did not indicate that there was any plan to retain an alternate expert witness in light of the Dr. Edwards' unwillingness to testify. The assigned Magistrate Judge denied Plaintiff's request to extend as the deadline had expired and she did not find good cause for an extension of Plaintiff's expert disclosure deadline at that time. (*Id*). The pending motion was filed on October 15, 2024. (Filing No. 86).

ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B) "requires parties designating expert witness testimony to disclose a report containing a complete statement of all opinions the witness will express and the basis for them. Fed. R. Civ. P. 26(a)(2)(D) requires parties to "make these disclosures at the times and in the sequence that the court orders." See *Ollie v. Neb. Methodist Health System, Inc*., Case No. 8:20CV330, 2022 WL 4586421, at *2 (D. Neb. Sept. 29, 2022). Federal Rule of Civil Procedure 16 further requires district courts to issue scheduling orders which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).

A progression schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence." *LeFever v. Castellanos*, No. 4:20CV3066, 2021 WL 5416240, at *1 (D. Neb. Nov. 19, 2021), citing *Smith v. Miller*, No. 8:19CV298, 2020 WL 2793566, at *1 (D. Neb. May 29, 2020); see *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."); *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."). The "good-cause standard is not optional." *Petrone v. Werner Enterprises, Inc*., 940 F.3d 425, 434 (8th Cir. 2019), citing *Sherman*, 532 F.3d at 716. Where there has been "no change in the law, no newly discovered facts, or any other changed circumstance" the Eighth Circuit has concluded that the moving party has failed to show good cause to change the schedule set under Rule 16(b) after a deadline has passed. *Midwest Med. Sols.,*

*LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024), reh'g denied, No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024).

Plaintiff requests an extension of 30 days to amend Plaintiff's Expert Witness Disclosures and to allow enough time for the newly retained expert witness to prepare a written report. Plaintiff asserts there is good cause for the extension due to the "urgent need for a cooperative expert witness," and that the witness previously disclosed is unresponsive and unwilling to participate further. (Filing No. 86). Defendant opposes the reopening of a long-expired deadline, arguing that the Plaintiff had opportunities to request an extension or amendment to the progression order, and that the request is not supported by good cause because Plaintiff had ample notice that the identified witness was or could be unwilling to testify. Defendants argue that contrary to Plaintiff's assertion, the need for Plaintiff to find a "cooperative" expert witness has only been made "urgent" due to Plaintiff's lack of diligence in complying with the Court's scheduling order deadlines. Defendant has offered proof that Plaintiff was aware of Dr. Edwards' *potential* unwillingness to testify as early as October 2023, well in advance of Plaintiff's expert deadlines.

The record shows that Plaintiff demonstrated diligence in meeting the January 31, 2024 expert identification deadline, but cannot find that to be the case for her new request. In seeking this extension, Plaintiff asserts the motion was filed "as soon as it become 100% apparent it was necessary to go a different direction with an expert witness." (*Id.*) Plaintiff concedes, however, to being "suspicious" as early as October 6, 2023 that Dr. Edwards would not testify, but "wanted to allow Dr. Edwards time to make the right choice in support of her patient." (Filing No. 90 at p. 2). Plaintiff had multiple opportunities to address the issue with the court throughout the last year but she did not do so.  In particular, Defendants requested extensions of progression deadlines in February, and June, and July 2024. Plaintiff did not request an extension of the expert witness deadline until the July 24, 2024 call. The request was denied, and Plaintiff did not file an objection or renew the motion until October 2024. While Plaintiff may not have been <u>certain</u> of Dr. Edwards'

unwillingness to testify until recently, she has not shown, and the court cannot find, that there is good cause to reopen and extend a long-expired deadline, when the potential issue was known and could have been addressed at various points over the past year. Because Plaintiff has not met the burden to show good cause, the court will not consider prejudice to either party as a factor.

For these reasons, IT IS ORDERED that Plaintiff's motion to extend the expert disclosure deadline is denied. ([Filing No. 86](#)).

Dated this 30th day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge